**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

EDUARDO CHE RODRIGUEZ,

        Petitioner-Appellant,

  v.

JARED LOZANO,

        Respondent-Appellee.

No.   21-55051

D.C. No.
5:19-cv-02127-GW-JDE

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 8, 2022[**]
Pasadena, California

Before: SCHROEDER, TALLMAN, and MILLER, Circuit Judges.

Eduardo Che Rodriguez is serving a California prison sentence enhanced under the State's three-strikes law. Cal. Penal Code §§ 667(a), 667.6(b). Rodriguez alleges that trial counsel provided ineffective assistance by advising him to concede that his 1993 New York rape conviction qualified as a strike. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California courts denied Rodriguez's petition for a writ of habeas corpus, and the district court likewise denied his petition for federal habeas relief. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ineffective assistance of counsel requires both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688–93 (1984). We review de novo the district court's denial of habeas corpus relief. *Bemore v. Chappell*, 788 F.3d 1151, 1160 (9th Cir. 2015). But federal review of the California courts is constrained by the Antiterrorism and Effective Death Penalty Act (AEDPA): "Under AEDPA, habeas relief is proper only if the state court's adjudication of the merits of the habeas claim 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Ramirez v. Castro*, 365 F.3d 755, 762 (9th Cir. 2004) (quoting 28 U.S.C. § 2254(d)(1)).

The parties disagree about whether the California courts' rejection of Rodriguez's claim reflected a resolution of the underlying state-law question, thereby foreclosing review under AEDPA. We find it unnecessary to address that issue because the claim fails on the merits: Rodriguez's New York conviction for first-degree rape by forcible compulsion qualifies as a strike under California law, so trial counsel's failure to challenge it did not constitute deficient performance.

A conviction in another State qualifies as a strike in California only if the

offense "includes all of the elements of a particular . . . serious felony as defined in subdivision (c) of Section 1192.7." Cal. Penal Code §§ 667(d)(2), 1170.12(b)(2); *see People v. Navarette*, 4 Cal. App. 5th 829, 844–46 (2016). Rape is a serious felony under California law. *See* Cal. Penal Code § 1192.7(c)(3).

The New York statute under which Rodriguez was convicted contains all of the elements of the California felony of rape and is therefore a qualifying conviction. California defines rape as sexual intercourse "accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another." Cal. Penal Code § 261(a)(2). And at the time, the relevant provision of New York's penal code provided, in relevant part, that "[a] male is guilty of rape in the first degree when he engages in sexual intercourse with a female . . . [b]y forcible compulsion." N.Y. Penal Law § 130.35 (1992). Rodriguez argues that the statutes differ in two ways: First, he says that New York does not require lack of consent and, second, he says that New York criminalizes a wider range of force than California. We disagree.

First, the New York statute requires proof of lack of consent. Although lack of consent does not explicitly appear as a separate element, "forcible compulsion," which is an element of the statute, necessarily entails a lack of consent. N.Y. Penal Law § 130.00(8) (1992); *see People v. Williams*, 614 N.E.2d 730, 736–37 (N.Y. 1993) ("The People must also establish the victim's lack of consent, but lack of

consent results from forcible compulsion." (citations omitted)). And New York law provides that "[w]hether or not specifically stated, it is an element of every offense defined in this article . . . that the sexual act was committed without consent of the victim." N.Y. Penal Law § 130.05(1) (1992).

Second, the New York and California statutes do not meaningfully differ as to the type of force required. While "forcible compulsion" in New York was defined as either "a. use of physical force; or b. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped," N.Y. Penal Law § 130.00(8) (1992), the California offense may be "accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another," Cal. Penal Code § 261(a)(2). Whether by means of physical force or threat, the conduct encompassed by the New York statute would likewise constitute a serious felony under California law.

Because any motion asking the sentencing court not to treat the New York conviction as a strike would have been futile, trial counsel's decision not to file such a motion cannot have amounted to deficient performance. *See Martinez v. Ryan*, 926 F.3d 1215, 1226 (9th Cir. 2019). Rodriguez's claim therefore fails.

**AFFIRMED.**

4